IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>PAR PHARMACEUTICAL, INC.,<br><br>　　　　　　　　Defendant. | C.A. No. 14-1289-RGA<br>C.A. No. 14-1494-RGA<br>C.A. No. 15-78-RGA |

# [PROPOSED] FINAL JUDGMENT

**WHEREAS** this matter came before the Court in Civil Action No. 14-1289-RGA ("Zortress® Litigation"), to resolve the question of whether claims 1-3, 7 and 10 of U.S. Patent No. 5,665,772 ("'772 patent") are infringed and/or invalid by reason of obviousness;

**WHEREAS** Plaintiffs Novartis Pharmaceuticals Corporation and Novartis AG ("Novartis"), and Defendant Par Pharmaceutical, Inc. ("Par") (collectively "the parties") stipulated and the Court ordered that the Court's decision regarding the validity of the '772 patent in Civil Action No. 14-1289 shall apply in Civil Action Nos. 14-1494, and 15-78 (C.A. No. 14-1289, D.I. 140 at 2-3);

**WHEREAS** the term of the '772 patent expires on September 9, 2019, and the pediatric exclusivity associated with the '772 patent expires on March 9, 2020;

**WHEREAS** the Court held a trial in August and September 2016 in the Zortress® Litigation where the parties presented witness testimony on the validity of the '772 patent under 35 U.S.C. § 103;

**WHEREAS** Novartis at the Zortress® Litigation trial informed the Court that it was no longer asserting infringement of claims 1-3, and only asserting claims 7 and 10 of the '772 patent against Par;

**WHEREAS**, pursuant to 35 U.S.C. § 271(e)(2)(A), the filing of Par's Abbreviated New Drug Application ("ANDA") Nos. 205775 and 207934 for Par's generic Zortress® and Afinitor® everolimus ANDA products, respectively, with certifications according to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '772 patent constituted an artificial act of infringement of the '772 patent;

**WHEREAS** the parties stipulated and the Court ordered in advance of trial that Par's generic Zortress® and Afinitor® everolimus products, if approved by the FDA, would infringe claims 1-3, 7 and 10 of the '772 patent (C.A. No. 14-1289, D.I. 140 at 3);

**WHEREAS** in view of this stipulation, this Court previously entered Final Judgment on Infringement in Civil Actions No. 14-1289, 14-1494, and 15-78-RGA (*see* C.A. No. 14-1289, D.I. 180 at 3) in favor of Novartis and against Par that Par's generic Zortress® and Afinitor® everolimus products, if approved by the FDA, would infringe claims 7 and 10 of the '772 patent;

**WHEREAS** this Court on May 16, 2017, entered Final Judgment holding claims 1-3, 7 and 10 of the '772 patent invalid for double patenting (C.A. No. 14-1289, D.I. 180), which Final Judgment was reversed by the Federal Circuit, and the case was remanded to this Court (C.A. No. 14-1289, D.I. 186);

**WHEREAS** upon remand, in an Order dated March 1, 2019 (C.A. 14-1289, D.I. 192), this Court authorized Novartis to file a motion to invoke estoppel under 35 U.S.C. § 315(e)(2) of

ME1 30310542v.1

Par's obviousness counterclaim against '772 patent claims 1-3 and 8-10 as those claims were the subject of a final written decision in an *inter partes* review, which motion Novartis filed on March 11, 2019 (C.A. 14-1289, D.I. 193);

**WHEREAS** Par has agreed that it will not launch its generic Zortress® everolimus products prior to the expiration or other disposition of the '772 patent and associated pediatric exclusivity (C.A. 14-1289, D.I. 191 at 4);

**WHEREAS** Par has agreed that it will not launch its generic Afinitor® everolimus products prior to the expiration or other disposition of the '772 patent and associated pediatric exclusivity, except to the extent agreed between Novartis and Par; and

**WHEREAS** Novartis, on April 16, 2019, provided Par with a covenant not to sue on claim 7 of the '772 patent for Par's generic Zortress® and Afinitor® everolimus products;

**IT IS ORDERED AND ADJUDGED** that in view of the parties' aforementioned stipulation and this Court's Order (C.A. 14-1289, D.I. 140 at 3, D.I. 180 at 3), Final Judgment is hereby entered in District of Delaware Civil Action Nos. 14-1289, 14-1494, and 15-78-RGA in favor of Novartis and against Par that Par's generic versions of Zortress® and Afinitor® everolimus products, if approved by the FDA, would infringe claim 10 of the '772 patent; and it is further

**ORDERED** that in view of Novartis's covenant not to sue on claim 7 of the '772 patent, all claims, counterclaims, and affirmative defenses between Novartis and Par with respect to claim 7 of the '772 patent are dismissed with prejudice;

ME1 30310542v.1

**ORDERED**, for the reasons set forth in the Court's Memorandum Order dated April 11, 2019 (C.A. 14-1289, D.I. 198), that Final Judgment is hereby entered in District of Delaware Civil Action Nos. 14-1289, 14-1494, and 15-78-RGA in favor of Novartis and against Par, that under 35 U.S.C. § 315(e)(2) Par is precluded from maintaining its obviousness invalidity argument as to claim 10 of the '772 patent, and thus claim 10 of the '772 patent has not been proven to be invalid; and it is further

**ORDERED**, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) of any final approval by the United States Food and Drug Administration of Par's ANDA Nos. 205775 and 207934 shall be a date not earlier than the expiration of the pediatric exclusivity for the '772 patent, which is March 9, 2020, except to the extent (a) agreed between Novartis and Par, or (b) ordered or otherwise permitted by this Court or other tribunal.

Dated this 1 day of May, 2019

Honorable Richard G. Andrews
United States District Court Judge